**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**SHAH WALI HUSSAINI,**

Petitioner,

v. Civil Action No. **3:26CV443 (RCY)**

**JEFFREY CRAWFORD, *et al.*,**

Respondents.

**MEMORANDUM OPINION**

Shah Wali Hussaini ("Petitioner"), proceeding *pro se*, is an alien who is present in the United States without admission. He filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). Petitioner alleges, *inter alia*, that Respondents' application of 8 U.S.C. § 1225(b) to mandate his detention violates the Immigration and Nationality Act. ECF No. 1, at 7.[1] Respondents filed an Opposition. ECF No. 6. For the reasons set forth below, the § 2241 Petition will be DENIED.

**I. PROCEDURAL HISTORY**

On May 21, 2026, Petitioner filed his § 2241 Petition claiming that he has been improperly denied a bond hearing and is not subject to mandatory detention. ECF No. 1, at 7. On June 9, 2026, Respondents filed an Opposition in which they assert that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(1) and the § 2241 Petition should be denied because Petitioner is not entitled to a bond hearing or any other additional process. ECF No. 6, at 1, 5–12.

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

## II. FACTUAL BACKGROUND

Petitioner provides very little information in his § 2241 Petition and so the Court must rely on submissions by Respondents.

> 5. Petitioner is a 30-year-old native and citizen of Afghanistan.
>
> 6. On November 8, 2024, Petitioner applied for admission into the United States at the Calexico West Port of Entry in Calexico, California. Petitioner applied for admission pursuant to an appointment scheduled through the CBP One application.
>
> 7. On November 11, 2024, Petitioner was taken into [Immigration and Customs Enforcement ("ICE")]/[Enforcement and Removal Operations ("ERO")] custody and placed in expedited removal proceedings pursuant to 8 [U.S.C.] § 1225(b)(1) through service of a Form I-860 Notice and Order of Expedited Removal.
>
> 8. Petitioner claimed relief from removal. On December 6, 2024, the U.S. Citizenship and Immigration Services ("USCIS") exercised their discretion and referred Petitioner to the Immigration Court.
>
> 9. On December 6, 2024, ICE/ERO issued Form I-862, Notice to Appear ("NTA"), and placed Petitioner in removal proceedings pursuant to 8 [U.S.C.] § 1229. The NTA alleged inadmissibility under 8 [U.S.C.] § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under 8 [U.S.C.] § 1181(a).
>
> 10. On December 12, 2024, ICE/ERO issued an Interim Notice Authorization Parole and released Petitioner from custody. The notice indicated that the parole was valid for one year beginning from the date on the notice. The notice specifically indicated that the parole would automatically terminate upon his departure or removal from the United States, or at the end of the one-year period (i.e., December 12, 2025).
>
> 11. On December 12, 2024, Petitioner was served with a notice, advising him that release from custody on parole was contingent upon his enrollment and successful participation in an Alternate to Detention ("ATD") program as designated by [the Department of Homeland Security ("DHS")]. This notice specifically explained that failure to comply with the requirements of the ATD program would result in a redetermination of his release.
>
> 12. On January 13, 2025, a case specialist attempted to conduct a residence verification at the Petitioner's home, but no one answered the door. On January 14, 2025, Petitioner reported in person to a local ATD office for a violation follow-up. Petitioner indicated that he was inside his home when the case specialist attempted to conduct the residence verification, but he did not answer the door due

> to improper communication due to a language barrier. Petitioner was notified that this constituted a violation of the terms of his ATD.
>
> 13. On April 30, 2025, a case specialist attempted to conduct a virtual home visit, but the Petitioner was not at home. On May 1, 2025, Petitioner appeared for a telephonic follow-up violation call. During this meeting, Petitioner stated that he was not home for the scheduled residence verification because he forgot. Petitioner was notified that this constituted a violation of the terms of his ATD.
>
> 14. On May 15, 2025, Petitioner failed to appear for a virtual office visit. On May 16, 2025, Petitioner appeared for a virtual follow-up visit and stated that he did not answer the phone on his scheduled date because he was afraid to answer the phone and he forgot about the visit. Petitioner also indicated that he could not make any calls or receive calls from anyone due to his SIM card not working properly on his phone. Petitioner was notified that this constituted a violation of the terms of his ATD.
>
> 15. On October 15, 2025, a case specialist attempted to conduct a virtual home visit, but the Petitioner was not at home. On October 16, 2025, Petitioner appeared for a virtual follow-up visit and stated that he was not home because he went to work. Petitioner was notified that this constituted a violation of the terms of his ATD.
>
> 16. On January 6, 2026, ICE/ERO conducted a custody redetermination and made the decision to take Petitioner back into custody because of his various ATD violations.
>
> 17. On April 16, 2025, Petitioner filed an application for relief from removal with the Immigration Court.
>
> 18. On March 23, 2026, the Immigration Judge denied Petitioner's application for relief from removal and ordered him removed to Afghanistan.
>
> 19. On April 15, 2026, Petitioner filed Form EOIR-26, Notice of Appeal from a Decision of an Immigration Judge with the Board of Immigration Appeals. That appeal remains pending.
>
> 20. Petitioner remains in custody at the Farmville Detention Center in Farmville, Virginia.

ECF No. 6-1 ¶¶ 5–20.

## III. STANDARD OF REVIEW

### A. Habeas Petitions

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v.*

*Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

**B. Detention Under 8 U.S.C. § 1225(b) and *Jennings***

Section 1225 governs the detention and removal of applicants for admission.[2] "Both § 1225(b)(1) and (b)(2) require the detention of persons deemed to be applicants for admission." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 652 (E.D. Va. 2025). Ultimately, applicants for admission are mandatorily detained "until their asylum application is fully adjudicated or until removal proceedings conclude." *Olaya Rodriguez v. Bondi*, No. 1:25-cv-00791-AJT-WBP, 2025 WL 2490670, at *2 (E.D. Va. June 24, 2025) (citations omitted). Sections 1225(b)(1) and (b)(2) "mandate detention until a certain point and authorize release prior to that point only under limited

[2] "An alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). "[A]pplicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). "Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation" and "to certain other aliens designated by the Attorney General in his discretion." *Id.* (citing 8 U.S.C. §§ 1225(b)(1)(A)(i), (iii)). "Section 1225(b)(2) . . . serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Id.* (citing U.S.C. §§ 1225(b)(2)(A), (B)).

Under § 1225(b)(1), an applicant for admission is ordered removed "without further hearing or review unless the [applicant] indicates either an intention to apply for asylum . . . or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). "If [an immigration officer] determines . . . that [the applicant] has a credible fear of persecution . . ., the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). "Persons who make no such claims or are 'found not to have such a fear' 'shall be detained . . . until removed.'" *Hasan*, 800 F. Supp. 3d at 652 (quoting 8 U.S.C. § 1225(b)(1)(A)(ii), (B)(iii)(IV)).

In comparison, under § 1225(b)(2), an applicant for admission "shall be detained for a [removal] proceeding" "if the examining immigration officer determines that [the person is] not clearly and beyond a doubt entitled to be admitted" into the United States. 8 U.S.C. § 1225(b)(2)(A).

circumstances." *Jennings v. Rodriguez*, 583 U.S. 281, 301 (2018) (distinguishing *Zadvydas v. Davis*, 533 U.S. 678 (2018)). "[N]either § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." *Id.* at 297.

Notwithstanding the mandatory detention provisions of § 1225(b), an applicant for admission "may be temporarily released on parole 'for urgent humanitarian reasons or significant public benefit.'" *Id.* (quoting 8 U.S.C. § 1182(d)(5)(A)). Release on parole "shall not be regarded as an admission of the alien and when the purposes of such parole . . . have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A).

## IV. ANALYSIS

The central question posed in the § 2241 Petition concerns whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(1).

Petitioner contends that 8 U.S.C. § 1226 entitles him to a bond hearing. ECF No. 1, at 7. Respondents argue that Petitioner "is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(1)—not § 1225(b)(2)—pending his removal from the United States." ECF No. 6, at 1.

Here, Petitioner is detained under § 1225(b)(1). Petitioner was an applicant for admission and was placed in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1). ECF No. 6-1 ¶¶ 6–7. He was released from custody on parole on December 12, 2024, but on January 6, 2026, "ICE/ERO . . . made the decision to take Petitioner back into custody because of his various ATD

violations." *Id.* ¶¶ 10–16. At that point, his removal proceedings resumed "in the same manner as that of any other applicant for admission to the United States." *See* 8 U.S.C. § 1182(d)(5)(A).

Petitioner is, therefore, mandatorily detained pending the conclusion of his removal proceedings under § 1225(b)(1) and is not entitled to a bond hearing.

**V. CONCLUSION**

The § 2241 Petition (ECF No. 1) will be DENIED. The Court will VACATE the portion of the Memorandum Order entered on June 2, 2026, which prohibited Respondents from removing or transferring Petitioner from this District.

An appropriate Final Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 8, 2026
Richmond, Virginia